**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

CASE NO.:

PATRICK GOODEN,

     Plaintiff,

v.

DEMAND ASSISTANCE
KORP., INC.,
a Florida Profit Corporation,

     Defendant.

_____/

## COMPLAINT & DEMAND FOR JURY TRIAL

Plaintiff, PATRICK GOODEN ("Plaintiff" or "Mr. Gooden"), by and through his undersigned counsel, files this Complaint against Defendant, DEMAND ASSISTANCE KORP., INC. ("Defendant" or "DAK"), a Florida profit corporation, and states as follows:

### NATURE OF THE SUIT

1.    This action is brought under the Fair Labor Standards Act ("FLSA") to recover from Defendant overtime compensation, liquidated damages, declaratory relief, reasonable attorneys' fees and costs, and any other damages permitted by law.

### PARTIES, JURISDICTION, AND VENUE

2.    Mr. Gooden is an employee who, at all times relevant, has resided in Broward County, Florida, and has performed services on behalf of Defendant in Miami-Dade County, Florida.

1

3.      DAK is a Florida profit corporation located in Miami, Miami-Dade County, Florida, and which, at all times relevant, has performed work in Miami-Dade County, Florida.

4.      Jurisdiction is proper in this Court, as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. § 201, *et seq.*, hereinafter "FLSA"), to recover unpaid overtime wages, an additional equal amount as liquidated damages, to obtain declaratory relief, and reasonable attorneys' fees and costs.

5.      Venue is proper in this Court, as the actions giving rise to this lawsuit have occurred in Miami-Dade County, Florida, and Defendant's headquarters are located in Miami, Miami-Dade County, Florida.

## FLSA COVERAGE

6.      At all times material hereto, Defendant was, and continues to be an "employer" within the meaning of 29 U.S.C. § 203(d).

7.      At all times material hereto, Plaintiff has been a resident of Broward County, Florida.

8.      At all times material hereto, Plaintiff has been an "employee" within the meaning of the FLSA.

9.      At all times material hereto, Defendant has been Plaintiff's "employer" within the meaning of the FLSA.

10.      At all times material hereto, Defendant was, and continues to be, an "enterprise engaged in commerce" or in the production of goods for commerce as defined by the FLSA.

11.      Based upon information and belief, the annual gross revenue of

2

Defendant has been in excess of $500,000.00 per annum during the relevant time periods.

12.     At all times material hereto, Defendant has primarily been engaged in operating an event security company in Miami, Miami-Dade County, Florida.

13.     At all times material hereto, Plaintiff has been "engaged in commerce" within the meaning of § 6 and § 7 of the FLSA, but not for purposes of the Motor Carrier Act.

14.     At all times material hereto, Plaintiff has been subject to the individual coverage of the FLSA, but not for purposes of the Motor Carrier Act.

15.     At all times material hereto, Defendant has had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce, such as phones, computers, etc., but which had come to rest within its headquarters site in Miami-Dade County, Florida.

16.     At all times material hereto, the work performed by Plaintiff has been directly essential to the business performed by Defendant, in that Defendant could not operate its business without Event Security Staff like Plaintiff.

## FACTUAL ALLEGATIONS

17.     Mr. Gooden has worked full-time for Defendant as an hourly-paid Event Security Staffer and Staff Supervisor in Miami, Miami-Dade County, Florida, since December of 2017.

18.     Throughout his time with DAK, Mr. Gooden has been paid a fixed hourly rate per hour, and was not consistently paid the proper overtime premium no matter how many hours in excess of forty (40) he worked in a given week.

19.     In 2020, Mr. Gooden's hourly rate was $15.00 per hour.

20.     Beginning in December of 2021, Mr. Gooden's hourly rate was $17.00 per hour.

21.     Beginning in December of 2022, Mr. Gooden's hourly rate became $19.00 per hour.

22.     Defendant has not called Mr. Gooden in to work since December 13, 2022.

23.     On January 4, 2023, Mr. Gooden's DAK Supervisor told Mr. Gooden via telephone that "there's no work right now."

24.     Mr. Gooden's primary duties have been to provide event security services to DAK's clients.

25.     Mr. Gooden has always worked in Miami-Dade County, Florida, and nearby/adjacent counties, and his activities have at all times been controlled and closely supervised by Defendant's managers and supervisors.

26.     Mr. Gooden has had no authority to hire or fire employees of DAK.

27.     Mr. Gooden has had little or  no authority to discipline employees of DAK.

28.     Mr. Gooden has had no authority to set rates of pay for other employees or agents of DAK.

29.     Mr. Gooden is closely monitored by DAK's Owner at all times.

30.     Mr. Gooden follows procedures established by DAK and does exactly as he has been instructed to do.

31.     Throughout Plaintiff's employment, Defendant has regularly required Plaintiff to work in excess of forty (40) hours per week.

32.     Plaintiff regularly worked sixty (60) or more hours per week for Defendant during his employment with Defendant.

33.     Defendant has failed to pay Plaintiff full and proper overtime compensation for all hours worked over forty (40) per week during his employment with Defendant.

34.     When Plaintiff has worked more than forty (40) hours in a given work week, Defendant has failed to properly pay him for all overtime hours worked.

35.     Defendant has consistently failed to pay Plaintiff anything at all for overtime hours that he worked during his employment.

36.     Defendant's Owner, Robert Middlebrook, often clocks people out on their time sheets but keeps them working, and has done this to Plaintiff numerous times.

37.     Plaintiff should have been compensated at the rate of one-and-one-half times Plaintiff's regular rate for all hours that Plaintiff has worked in excess of forty (40) hours per week, as required by the FLSA, throughout his employment.

38.     Defendant has violated Title 29 U.S.C. §207 in that:

(a) Plaintiff has worked in excess of forty (40) hours in one or more workweeks for his period of employment with Defendant;

(b) No payments or provisions for payment have been made by Defendant to properly compensate Plaintiff at the statutory rate of one-and-one-half times Plaintiff's regular rate for **all** hours worked in excess of forty (40) hours per work week, as provided by the FLSA; and

(c) Defendant has failed to maintain proper time records as mandated by the FLSA.

39.     Prior to violating the FLSA, Defendant did not consult with an attorney to evaluate whether Plaintiff's actual job duties and pay structure rendered him exempt from recovering payment for all overtime worked under the FLSA.

40.     Prior to violating the FLSA, Defendant did not consult with the Department of Labor to evaluate whether Plaintiff's actual job duties and pay structure rendered him exempt from recovering payment for all overtime worked under the FLSA.

41.     Prior to violating the FLSA, Defendant did not consult with an accountant to evaluate whether Plaintiff's actual job duties and pay structure rendered him exempt from recovering payment for all overtime worked under the FLSA.

42.     While Plaintiff does not have all of his time records, Plaintiff estimates his FLSA damages to be:

**October 1, 2020 through March 31, 2021 (approximately 26 weeks):**

Based on a time-and-a-half method, Plaintiff calculates his damages as follows:

Hourly Rate of pay:  $15.00 hourly rate

Overtime Premium:  $15.00 X 0.5 = $7.50

20 hours (approximate overtime hours per week) X $7.50 (unpaid overtime rate) = $ 150.00 unpaid overtime compensation per week.

$150.00 (unpaid overtime compensation per week) X 26 weeks = $3,900.00

**October 1, 2021 through November 30, 2021 (approximately 9 weeks):**

Based on a time-and-a-half method, Plaintiff calculates his damages as follows:

Hourly Rate of pay:  $15.00 hourly rate

Overtime Premium:  $15.00 X 0.5 = $7.50

20 hours (approximate overtime hours per week) X $7.50 (unpaid overtime rate)

= $ 150.00 unpaid overtime compensation per week.

$150.00 (unpaid overtime compensation per week) X 9 weeks = $1,350.00

**December 1, 2021 through March 31, 2022 (approximately 17 weeks):**

Based on a time-and-a-half method, Plaintiff calculates his damages as follows:

Hourly Rate of pay:  $17.00 hourly rate

Overtime Premium:  $17.00 X 0.5 = $8.50

20 hours (approximate overtime hours per week) X $8.50 (unpaid overtime rate)

= $ 170.00 unpaid overtime compensation per week.

$170.00 (unpaid overtime compensation per week) X 17 weeks = $2,890.00

**October 1, 2022 through November 30, 2022 (approximately 9 weeks):**

Based on a time-and-a-half method, Plaintiff calculates his damages as follows:

Hourly Rate of pay:  $17.00 hourly rate

Overtime Premium:  $17.00 X 0.5 = $8.50

20 hours (approximate overtime hours per week) X $8.50 (unpaid overtime rate)

= $ 170.00 unpaid overtime compensation per week.

$170.00 (unpaid overtime compensation per week) X 9 weeks = $1,530.00

**December 1, 2022 through December 13, 2022 (approximately 2 weeks):**

Based on a time-and-a-half method, Plaintiff calculates his damages as follows:

Hourly Rate of pay:  $19.00 hourly rate

Overtime Premium:  $19.00 X 0.5 = $9.50

20 hours (approximate overtime hours per week) X $9.50 (unpaid overtime rate)

= $ 190.00 unpaid overtime compensation per week.

$190.00 (unpaid overtime compensation per week) X 2 weeks = $380.00

**TOTAL:** $10,050.00 (unliquidated) and, if liquidated, $20,100.00

43.     Based on the allegations in Paragraphs 39-41, above, Plaintiff is entitled to liquidated damages, as Defendant has no objective or subjective good faith belief that its pay practices were in compliance with the FLSA.

44.     Plaintiff has retained the law firm of RICHARD CELLER LEGAL, P.A. to represent him in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I
## VIOLATION OF 29 U.S.C. §207 OVERTIME COMPENSATION

45.     Plaintiff reincorporates and re-alleges paragraphs 1 through 45 of the Complaint as though set forth fully herein, and further alleges as follows:

46.     Plaintiff is entitled to be paid time-and-one-half his regular rate of pay for each hour worked in excess of forty (40) per work week.

47.     During Plaintiff's employment with Defendant, Plaintiff has regularly worked overtime hours, but has not been paid full and proper time-and-one-half compensation for all hours worked.

48.     Plaintiff has not been an exempt employee as defined by the FLSA, and has instead been an hourly-paid non-exempt employee as defined by the FLSA.

49.     As a result of Defendant's intentional, willful, and unlawful acts in refusing to pay Plaintiff time-and-one-half his regular rate of pay for each hour worked in excess of forty (40) per work week in one or more work weeks, Plaintiff has suffered damages, in addition to incurring reasonable attorneys' fees and costs.

50.    As a result of Defendant's willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered in his favor against Defendant, and that this Court:

    a.   Declare, pursuant to the FLSA, that the acts and practices complained of herein are in violation of the maximum hour provisions of the FLSA;

    b.   Award Plaintiff overtime compensation in the amount due to him for time worked in excess of forty (40) hours per work week;

    c.   Award Plaintiff liquidated damages in an amount equal to the overtime award;

    d.   Award Plaintiff reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

    e.   Award Plaintiff pre-judgment interest; and order any other and further relief that this Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right.

DATED this 9th day of January, 2023.

Respectfully submitted,

**By: /s/Noah E. Storch**
Noah E. Storch, Esq.
Florida Bar No. 0085476
RICHARD CELLER LEGAL, P.A.
10368 W. SR 84, Suite 103
Davie, Florida 33324
Telephone: (866) 344-9243
Facsimile:  (954) 337-2771
E-mail:noah@floridaovertimelawyer.com

*Trial Counsel for Plaintiff*